IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMINE EL FAJRI,<br><br>Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, Secretary of Homeland Security, ALEJANDRO MAYORKAS, Director of Citizenship and Immigration Services; GERARD HEINAUER, Director of Nebraska Service Center; JEANNE KENT, Field Office Director of the Salt Lake Field Office of Citizenship and Immigration Services,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:12-cv-696-RJS<br><br><br><br><br>Judge Robert J. Shelby |

Plaintiff Amine El Fajri seeks review of the United States Citizenship and Immigration Service's (USCIS) denial of his adjustment of status applications based on a false claim of U.S. citizenship. After careful consideration and for the reasons stated below, the court grants Defendants' motion to dismiss.

## BACKGROUND

Mr. El Fajri is a Moroccan national who immigrated to the United States on an F-1 student visa in August 2007. In July 2009, Mr. El Fajri submitted an online application to work

1

as an Arabic translator for the Federal Bureau of Investigation. The FBI online application required applicants to certify their status as a U.S. citizen to qualify for employment. Although Mr. El Fajri was not a U.S. citizen, he clicked the box indicating he was. Mr. El Fajri maintains that he clicked the box in order to access the rest of the application and did not understand that U.S. citizenship was required to work as an interpreter for the FBI. On a later question in the application, Mr. El Fajri indicated that he was born in Morocco and was not a dual citizen.

Mr. El Fajri currently works as a court-certified Arabic language interpreter in Utah. In August 2010, he married a U.S. citizen. A short time later, he applied for adjustment of status to become a legal permanent resident. He and his spouse had an adjustment interview with the USCIS in January 2011. During the interview, Mr. El Fajri told the hearing officer about his false claim of citizenship on the FBI application.

A month after the interview, the USCIS denied Mr. El Fajri's adjustment of status application, finding that he violated 8 U.S.C. § 1182(a)(6)(C)(ii) by making a false claim of citizenship. Mr. El Fajri then filed a motion to reopen and reconsider. The USCIS denied the motion. He filed a second application for adjustment of status and the USCIS once again denied it. The USCIS deemed him "inadmissible to the United States under the provisions of" 8 U.S.C. § 1182(a)(6)(C)(ii), and further found that he did not "warrant the favorable discretion required" by 8 U.S.C. § 1255(a).

Mr. El Fajri has filed this case under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. He brings this action against several defendants, namely, the Secretary of Homeland Security, the Director of the United States Citizenship and Immigration Services, the Director of the Nebraska Service Center, and the Field Office Director of the Salt Lake Field Office of Citizenship and Immigration Services. Mr. El

Fajri asserts that the USCIS's denial of his adjustment of status application should be overturned as erroneous and contrary to law.

## ANALYSIS

Defendants assert that the USCIS's denial of Mr. El Fajri's application for adjustment of status was a decision committed to agency discretion that this court lacks jurisdiction to review. Alternatively, Defendants contend that the USCIS's determination that Mr. El Fajri was ineligible to adjust was not arbitrary, capricious, or otherwise contrary to law. Mr. El Fajri urges the court to exercise jurisdiction and set aside the agency's decision. The court finds that it lacks subject matter jurisdiction and therefore dismisses the case pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I. Rule 12(b)(1) Motion to Dismiss

Defendants move for dismissal of Mr. El Fajri's complaint under Rule 12(b)(1). A Rule 12(b)(1) motion to dismiss takes one of two forms.[1] First, a party may facially challenge the sufficiency of "the complaint's allegations as to subject matter jurisdiction."[2] In resolving a facial challenge to jurisdiction, the court must presume all factual allegations in the complaint to be true.[3] Second, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[4] In such a case, "a district court may not presume the truthfulness of the complaint's factual allegations."[5] Rather, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve

---

[1] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).
[2] *Id.*
[3] *See id.*
[4] *Id.* at 1003.
[5] *Id.*

disputed jurisdictional facts under Rule 12(b)(1)."[6] In this context, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[7]

Pursuant to 8 U.S.C. §1255(a), an alien's status "may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."[8] Further, 8 U.S.C. § 1252(a)(2)(B) states, "[n]otwithstanding any other provision of law . . . , no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1255 of this title."[9] A plain reading of the statute indicates that federal courts do not have subject matter jurisdiction to review a discretionary denial of adjustment of status under Section 1255(a).[10]

Consequently, the only issue left for the court is whether the USCIS exercised its discretion when it denied Mr. El Fajri's second application. In its denial of the application, the USCIS stated, "Further, your adjustment of status application (Form 1-485) has been denied since you do not warrant the favorable discretion required under section 245(a) of the Act."

Mr. El Fajri contends that the USCIS made a legal determination when it concluded that his conduct constituted a false claim to citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii). For this reason, he argues, the court must review the USCIS's decision, and the agency cannot "hide behind the cloak of discretion."[11] The USCIS may, however, base its denial of an application on multiple grounds, including an exercise of discretion. In *Marrakchi v. Napolitano*,[12] the Tenth

---

[6] *Id.*
[7] *Id.*
[8] 8 U.S.C. §1255(a) (emphasis added).
[9] 8 U.S.C. § 1252(a)(2)(B); *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005) ("[T]he two subsections of § 1252(a)(2)(B) indicate Congress's intention to prohibit review only of those 'judgments' that are discretionary in nature. In sum, we join our sister circuits and hold that we may review non-discretionary decisions.").
[10] *See Schroeck v. Gonzales*, 429 F.3d 947, 949 (10th Cir. 2005).
[11] Plaintiff's Mem. in Opp. (Dkt. 17), at 21.
[12] 494 F. App'x 877 (10th Cir. 2012).

Circuit examined nearly identical language in a USCIS action denying an alien adjustment of status based on marriage to a U.S. citizen and held that "[u]se of the word 'further' to introduce the discretionary denial in the final sentence shows that the discretionary denial is beyond and in addition to the statement of ineligibility for statutory relief in the preceding sentence."[13]  The court ultimately found that it did not have jurisdiction to review the discretionary denial.[14]  Likewise, the USCIS in this case articulated two separate grounds for denying Mr. El Fajri's application, one of which was a discretionary denial.  Rather than using discretion to veil an arbitrary and capricious act, the USCIS made a discretionary denial that was "beyond and in addition to the statement of ineligibility."

In sum, the USCIS lawfully exercised its discretion and this court does not have jurisdiction to review the agency's decision.  Consequently, the court lacks jurisdiction and cannot reach Defendants' remaining Rule 12(b)(6) arguments.[15]

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Dkt. 14) is GRANTED.  This case is dismissed for lack of jurisdiction.  The court directs the Clerk of Court to close the case.

SO ORDERED this 5th day of February, 2015.

> BY THE COURT:
>
> _____
> ROBERT J. SHELBY
> United States District Judge

---

[13] *Id.* at 881-82.
[14] *Id.* at 884.
[15] *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Guy v. Barnhart*, 62 F. App'x 848, 850 (10th Cir. 2003).